**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEON LAVALLE ANDERSON,

Petitioner,

v. Case No. 8:26-cv-2066-WFJ-LSG

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________________/

**ORDER**

Leon Lavalle Anderson, a Florida prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In 1988, Mr. Anderson was convicted of first-degree murder and sentenced to life imprisonment with the possibility of parole after twenty-five years. *State v. Anderson*, No. 87-CF-6658, Judgment (Fla. 13th Jud. Cir. Ct.).[1] In his petition, Mr. Anderson argues that, because he has served more than twenty-five years in prison, he is entitled to "immediate release." (Doc. 1 at 11). According to Mr. Anderson, parole for prisoners convicted of first-degree murder is "mandatory/automatic." (Doc. 2 at 3). Thus, Mr. Anderson contends that the Florida Department of Corrections violated his right to due process by failing to release him immediately after he became eligible for parole in July 2012. (*Id.* at 2). Upon careful

---

[1] The Court takes judicial notice of the judgment entered in Mr. Anderson's criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). A copy of the judgment is attached to this order for Mr. Anderson's reference.

review, the Court concludes that the petition must be dismissed as meritless. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[2]

When Mr. Anderson committed first-degree murder, Florida law "provided only two possible penalties for th[e] offense: death or life imprisonment with no possibility of parole for twenty-five years." *Honor v. State*, 262 So. 3d 861, 863 (Fla. 5th DCA 2019). Mr. Anderson received a life sentence with the possibility of parole after twenty-five years. *State v. Anderson*, No. 87-CF-6658, Judgment (Fla. 13th Jud. Cir. Ct.).[3] Nothing in the judgment or the murder statute *guaranteed* him parole after twenty-five years. *See id.*; Fla. Stat. 775.082(1) (1988). Indeed, the Fourth District Court of Appeal recently rejected the same argument. *Battle v. Dixon*, 419 So. 3d 88 (Fla. 4th DCA 2025). In *Battle*, the defendant's "sentence for capital murder provide[d] that he [was] not 'eligible' for parole until after serving 25 years in prison." *Id.* at 88. The defendant "argu[ed] that the statute guarantee[d] him release on parole after 25 years." *Id.* The court held that this contention was "frivolous" and "clearly without any arguable merit." *Id.* The court also rejected the defendant's "assertion that a legislative amendment to the parole statute in 1982 somehow

---

[2] Although Mr. Anderson purports to proceed under § 2241, he "is in custody pursuant to the judgment of the [Florida] court and, therefore, § 2254 applies to his petition." *Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015). Because Mr. Anderson's convictions arise from Hillsborough County, Florida, venue is proper in the Middle District of Florida. *See* 28 U.S.C. § 2241(d).

[3] The judgment did not mention Mr. Anderson's parole eligibility, but the relevant version of the first-degree murder statute "has been interpreted to necessarily confer parole eligibility after twenty-five years, even without such a pronouncement in the final sentencing order." *Honor*, 262 So. 3d at 863.

made parole mandatory after 25 years." *Id.* At least one other Florida court has reached the same conclusion. *See Blackshare v. Dixon*, 427 So. 3d 206, 206 (Fla. 3d DCA 2026) (rejecting defendant's argument that the first-degree murder statute "is self-executing and that the Florida Department of Corrections must release him immediately upon eligibility [for parole]"). Because Florida law does not guarantee Mr. Anderson release on parole after twenty-five years, his due process claim is meritless.[4]

Accordingly, Mr. Anderson's petition for writ of habeas corpus, (Doc. 1), is **DENIED**. Because Mr. Anderson fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to enter judgment in favor of Respondent and against Mr. Anderson, to terminate any pending motions as moot, and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on July 20, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

[4] Mr. Anderson also appears to contend that the Florida Commission on Offender Review lacks authority to conduct "initial parole interviews [for] capital offenders." (Doc. 2 at 2). Mr. Anderson is mistaken. "Parole is overseen by the Florida Commission on Offender Review, not the Department of Corrections." *Blackshare*, 427 So. 3d at 207.